IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRAIG IVAN GILBERT, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:09-CV-1131-DB |
| STATE OF UTAH et al., | District Judge Dee Benson |
| Defendants. | |

Plaintiff/inmate Craig Ivan Gilbert, filed a civil rights complaint against defendants State of Utah, Governor Gary Herbert, and Utah State Hospital[1] As discussed below, the Court concludes that Gilbert must pay the filing fee before this case can proceed.

The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal court without prepaying the filing fee.[2] But, it restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger
> of serious physical injury.[3]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners

---

[1] The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] 28 U.S.C.S. § 1915(a) (2009).

[3] *Id.* § 1915 (g).

seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[4]

The Court previously granted Gilbert permission to proceed here under § 1915, without prepaying his court filing fee.[5] However, the court has become aware that the United States District Court for the District of Kansas has stated, "Gilbert's litigation history in federal court renders him subject to the '3-strike' provision in 28 U.S.C. § 1915(g), whereby Gilbert must pay the full district court filing fee in any civil action or appeal submitted while he is a prisoner."[6] As the Tenth Circuit states, "A federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[7]

Section 1915(g) applies here because (1) Gilbert was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as frivolous or failing to state a claim. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.

Perhaps in an attempt to avoid the operation of section 1915(g), Gilbert possibly alleges that he falls within the language of its exception, that he "is in imminent danger of serious physical injury." Namely, he generally asserts that the stress of his imprisonment over the years causes a mental toll that results in physical damage. Gilbert's allegations are conclusory and lack any supporting facts whatsoever.

The Tenth Circuit has found similarly vague and conclusory allegations to be insufficient

---

[4] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

[5] Order on Application to Proceed without Prepayment of Fees, docket no. 2, filed Dec. 29, 2009.

[6] *Kansas v. Gilbert*, No. 06-3120-SAC, slip op. at 1 n.1 (D. Kan. May 2, 2006).

[7] *See White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)* (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

to bring a prisoner within the "imminent danger" exception to section 1915(g).[8] If a prisoner could overcome the "three strikes" provision through unsupported allegations of "imminent danger," the provision would serve no purpose. Accordingly, the Court concludes that Gilbert has failed to raise a credible allegation of imminent danger of serious physical harm, and, therefore, he does not come within the exception to section 1915(g).

## ORDER

Gilbert is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as frivolous or failing to state a claim, and the complaint does not fall within the three-strikes exception. Therefore, Gilbert is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

January 22, 2010.

BY THE COURT:

_____
DEE BENSON
United States District Judge

---

[8] *White*, 157 F.3d at 1231-32.